UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                          CASE NO. 8:23-cv-1163-SDM-TGW

PRISCILLA ANN ELLIS
_____/

## ORDER

A jury convicted Ellis of conspiracies to commit both money laundering and wire and mail fraud, for which she is imprisoned for 480 months under case number 8:15-cr-320-SDM-TGW. The circuit court affirmed both the convictions and the sentence, and the Supreme Court denied Ellis's petition for a writ of *certiorari*. (Docs. 969 and 987 in 15-cr-320)

A month before she filed her motion to vacate, which pends under case number 8:21-cv-2214-SDM-TGW, Ellis petitioned in the United States District Court for the District of Columbia for an emergency writ of mandamus to remove certain "special administrative measures" ("SAMs") allegedly imposed both many months after her conviction and by the Assistant United States Attorney who prosecuted her. A judge for the District of Columbia determined that "[b]ased on the allegations, as pled, venue is improper in this District [and b]ecause, per petitioner's own allegations, the SAMs were created and continue to be mandated under the specific authority of the prosecutors and presiding Judge in the Middle District of Florida, these claims should be reviewed in that District." (Doc. 9 at 2) In 2023 Ellis's

appeal was denied and the action was transferred to this district. (Docs. 19 and 21) Each of the motions (Docs. 2–4 and 11) filed before the transfer remain pending, as well as a motion (Doc. 24) filed after the transfer.

Under standard protocol, when the action was transferred to this district the action was randomly assigned to a district judge, who re-assigned the action to this district judge, who presided over both Ellis's underlying conviction in 8:15-cr-320-SDM-TGW and her pending motion to vacate sentence in 8:21-cv-2214-SDM-TGW. Ellis opposes the re-assignment and alleges that this district judge has "a major conflict of interest as [she] has a current judicial misconduct open appeal case at the Eleventh Circuit Court of Appeals opened against this . . . judge . . . ." (Doc. 24 at 1) According to the motion, Ellis bases her allegation of animus on both rulings during her trial and decisions on her many post-trial filings, neither of which justifies recusal nor disqualifies this judge.

**1: Post-Transfer Motion:**

Disqualification is governed by 28 U.S.C. § 455, which requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard for determining disqualification is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (citation omitted). "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than

what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (citing *Berger v. United States*, 255 U.S. 22, 31 (1921). *Accord Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("[I]t is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature. As a result, except where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal.") (citations omitted); *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."); *Miller v. Byers*, 833 F. App'x 225, 228 (11th Cir. 2020) ("J.W. Miller does not explain what was 'hateful' or 'biased' about the judge's ruling other than the fact that the judge ruled against him and his son. But an adverse decision, in and of itself, is not grounds for recusal.") (citing *Bolin*).

Moreover, Ellis's alleged filing of a judicial complaint with the circuit court is no basis for recusal. Courts throughout the country have held that a party cannot "judge shop" by creating the basis on which the party seeks disqualification, such as the party's suing the judge in a separate civil action. *See, e.g., Sullivan v. Conway*, 157 F.3d 1092, 1096 (11th Cir. 1998) ("It is improper for a lawyer or litigant . . . to create the ground on which he seeks the recusal of the judge assigned to his case. That is arrant judge-shopping.") (emphasis original); *United States v. Pryor*, 960 F.2d 1, 3 (1st Cir. 1992) ("Defendant contends the judge should have recused himself and not have presided over the sentencing because of bias due to the fact that defendant had brought a civil suit against him. . . . It cannot be that an automatic recusal can be

obtained by the simple act of suing the judge."); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigants suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks."); and *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him.").

To summarize, Ellis seeks disqualification based on the district judge's rulings in the underlying criminal action or related civil action, which, under *Grinnell Corp.* and *Bolin*, is a basis for neither disqualification nor recusal.

**2.  Pre-Transfer Motions:**

At the same time that she petitioned in the District of Columbia, Ellis moved for leave to proceed *in forma pauperis*, for the appointment of counsel, and for a "Show Cause Hearing."  (Docs. 2–4)  In response to the order that transfers the action to this district (but before she appealed that order), Ellis filed an "Emergency Motion for Show Cause Hearing."  (Doc. 11)  As explained below, each motion is moot because the claim in the underlying petition for the writ of mandamus lacks merit.

Ellis petitions to require the removal of certain SAMs allegedly imposed both many months after her conviction and by the Assistant United States Attorney who prosecuted her.  Ellis requested the same relief in her underlying criminal action.  In that action Ellis was advised that the imposition and enforcement of a SAM is controlled by 28 C.F.R. § 501.3, which provides in relevant part:

> Upon direction of the Attorney General, the Director, Bureau of Prisons, may authorize the Warden to implement special

> administrative measures that are reasonably necessary to protect persons against the risk of death or serious bodily injury. . . . These special administrative measures ordinarily may include housing the inmate in administrative detention and/or limiting certain privileges, including, but not limited to, correspondence, visiting, interviews with representatives of the news media, and use of the telephone, as is reasonably necessary to protect persons against the risk of acts of violence or terrorism. The authority of the Director under this paragraph may not be delegated below the level of Acting Director.
>
> . . . .
>
> [T]he Director, Bureau of Prisons, shall, in addition to the special administrative measures imposed under paragraph (a) of this section, provide appropriate procedures for the monitoring or review of communications between that inmate and attorneys or attorneys' agents who are traditionally covered by the attorney-client privilege, for the purpose of deterring future acts that could result in death or serious bodily injury to persons, or substantial damage to property that would entail the risk of death or serious bodily injury to persons.

The order in the criminal action denies the requested relief and advises Ellis that, to obtain judicial relief, she must pursue an action "in the district court with jurisdiction over [her] place of imprisonment." (Doc. 901 at 2 in 15-cr-320)  Another order advises Ellis that she "may direct questions concerning SAM and its implementation to the Bureau of Prisons." (Doc. 909 at 1)  The reasoning for previously denying relief applies equally to this new action for a writ of mandamus.  According to the docket (Doc. 24), Ellis was imprisoned in Fort Worth, Texas, when she filed her petition and is now in Aliceville, Alabama.  In other words, Ellis is not imprisoned in a facility within the Middle District of Florida.

The "Motion to Oppose Transfer" (Doc. 24) is **DENIED**.  The petition for the writ of mandamus (Doc. 1) is **DENIED**.  All other pending motions (Docs. 2–4 and 11) are **DENIED AS MOOT**.  The clerk must **CLOSE** this case.

ORDERED in Tampa, Florida, on September 29, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE